# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JEFFREY JOEL JUDY,

     Plaintiff,

v.                                  Case No: 8:16-cv-02682-T-27MAP

ATITHI HOSPITALITY LLC,

     Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Atithi Hospitality's ("Atithi") Motion to Dismiss Judy's First Amended Complaint for Lack of Subject Matter Jurisdiction, (Dkt. 14), which Judy opposes. (Dkt. 17). Upon consideration, this Motion is **DENIED**.

## 1.    ALLEGATIONS OF ADA COMPLAINT AND BACKGROUND

Atithi is the owner of the Days Inn Hotel ("Hotel") located in New Port Richey, Florida. (Dkt. 12 ¶ 6). Judy is a paraplegic who uses a wheelchair as his primary means of mobility. (Dkt. 12 ¶ 4). Judy filed this action against Atithi for damages, declaratory, and injunctive relief pursuant to Title III and Title IV of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. (Dkt. 12 ¶ 1). Judy contends that certain architectural barriers at the hotel made it difficult for him to use the goods and services offered on the property. (Dkt. 12 ¶ 13). Judy alleges that these physical barriers are in violation of the ADA. (Dkt. 12 ¶ 17).

Atithi filed a Motion to Dismiss the First Amended Complaint for Lack of Subject Matter Jurisdicition due to lack of standing to seek injunctive relief. (Dkt. 14). Atithi argues that the

allegations in the First Amended Complaint fail to establish Judy's standing at the time the lawsuit was filed.[1] As a result, Atithi contends that it is entitled to dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, it contends that Judy failed to establish "a real and immediate threat of future injury existed at the time [Judy] filed this lawsuit" and that the "making of a reservation at the Days Inn after the Defendant filed the Motion to Dismiss challenging [Judy's] standing does not establish that he had standing at the time the initial complaint was filed." (Dkt. 14).

## II.    STANDARD

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction comes in the form of either a facial or factual attack. *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25, n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Dunbar*, 919 F.2d at 1529. "[A] facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). Whereas, "[f]actual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Dunbar*, 919 F.2d at 1529. "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Id.*

At the pleading stage, however, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [courts] 'presume that general

---

[1]Atithi contends that Judy attempted to cure the standing issue by calling the hotel to make a reservation before filing his First Amended Complaint. (Dkt. 14). Judy attempted to book a reservation at the hotel on December 27, 2016. (Dkt. 12 ¶ 16). The First Amended Complaint was filed on December 30, 2016. (Dkt. 12).

allegations embrace those specific facts that are necessary to support the claim.'" *Mulhall v. Unite Here, Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1988). Consequently, "'it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Simanonok v. Simanonok*, 787 F.2d 1517, 1519 (11th Cir. 1986) (quoting *Duke Power Co. v. Carolina Envtl. Study Grp.*, 438 U.S. 59, 70 (1978). "'[T]he test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'" *Id.*

## III. DISCUSSION

In its 12(b)(1) Motion to Dismiss, Atithi makes a facial attack because it only challenges the sufficiency of the allegations in the complaint. When reviewing a motion to dismiss for lack of subject matter jurisdiction through the facial attack lens, the complaint's allegations are accepted as true for the purposes of the motion. *McElmurray v. Consol. Gov't of Augusta–Richmond County*, 501 F.3d 1244, 1250 (11th Cir. 2007).

In order to establish standing under Article III, Judy must allege the following three elements. "First, he must show that he has suffered an injury-in-fact. Second, [he] must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant. Third, [he] must show that the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting *Lujan*, 504 U.S. at 560-61). Additionally, when seeking injunctive relief a plaintiff "must show a sufficient likelihood that [they] will be affected by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting *Wooden v. Bd. of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief

only if the party shows a 'real and immediate'–as opposed to a merely conjectural or hypothetical–threat of *future* injury." *Shotz*, 256 F.3d at 1081 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). And, "a plaintiff seeking an injunction under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" *Houston*, 733 F.3d at 1336 (quoting *Shotz*, 256 F.3d at 1081).

To meet this element for injunctive relief, a plaintiff must allege "facts giving rise to an inference that he will suffer future disability discrimination by the defendant." *Shotz*, 256 F.3d at 1081. Therefore, a plaintiff who pursues injunctive relief must "plead a genuine threat of imminent injury." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000).[2] However, even if Judy's "original complaint failed to allege a genuine threat of future injury", the Eleventh Circuit is satisfied when a plaintiff's amended complaint "cure[s] the defect about standing in the original complaint." *Id.*

Taking the allegations as true, Judy's Amended Complaint meets the requirements for a plaintiff seeking injunctive relief. Specifically, Judy alleges that he "intends to return to the area and stay at the Defendant's hotel during his next planned visit to the Port Richey area . . . in late March 2017." (Dkt. 12 ¶ 15). Judy's First Amended Complaint satisfies this threshold by providing details about his future plans to return to the property which are neither conjectural nor hypothetical. *See Shotz*, 256 F.3d at 1081. Because Judy "alleges facts giving rise to an inference that he will suffer future disability discrimination by the defendant", he has met his burden. *Id.* at 1081.

---

[2] Judy's original complaint satisfied this requirement. In Judy's original complaint he stated that he "will visit the property **in the near future**" and "intends to return to the Property as an ADA tester." (Dkt. 1 ¶¶ 13, 17) (emphasis added). An allegation to visit a property "'in the near future' [is] sufficient to properly allege standing for injunctive relief under Title III of the ADA." *Houston*, 733 F.3d at 1336.

Accordingly, Atithi's motion to dismiss (Dkt. 14) is **DENIED**. Atithi shall answer the First

Amended Complaint within **fourteen (14) days.**

**DONE AND ORDERED** this _28th_ day of April, 2017.

_JAMES D. WHITTEMORE_

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

5